UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CESAR O. GARCIA,

    Plaintiff,

v.  Case No. 21-C-55

RICHARD H. HART,

    Defendant.

REPORT AND RECOMMENDATION TO DISMISS ACTION AND DENY MOTION FOR RECONSIDERATION

    Cesar O. Garcia, an inmate at Dodge Correctional Institution, filed this action under 42 U.S.C. § 1983 against his former lawyer Richard H. Hart. ECF No. 1. Garcia consented to magistrate-judge jurisdiction. On screening, I dismissed the action for failure to state a claim because Hart is not subject to suit under 42 U.S.C. § 1983. However, I have now concluded that my original dismissal was error because the court did not have the consent of *both* parties to magistrate-judge jurisdiction. In a decision issued earlier today, I ordered the original judgment vacated and the case reopened. I now file this report and recommendation for consideration by a district judge. In short, I recommend: (1) that the district judge dismiss the complaint for the same reasons set forth in my order of dismissal dated March 12, 2021 (ECF No. 7), and (2) that the court deny the plaintiff's motion for reconsideration.

    I.    **Dismissal of the Original Complaint**

    As set forth in my dismissal order, defendant Richard Hart is not a state actor subject to suit under 42 U.S.C. § 1983. ECF No. 7. Accordingly, I recommend that the district judge dismiss the original complaint.

## II. Denial of the Motion for Reconsideration / Motion to Amend

Garcia has now filed a "motion for reconsideration / amended complaint," which seeks leave to amend his complaint to state a claim for legal malpractice against Hart.

### A. Diversity Jurisdiction

Federal courts have an independent duty to police their own jurisdiction. A plaintiff may bring a state-law claim like malpractice in federal court only if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. Garcia alleges that he seeks $80,000 in damages, which exceeds the amount in controversy requirement of $75,000. *See* 28 U.S.C. § 1332.

Garcia also argues that the parties are diverse: he alleges that the defendant is a citizen of Wisconsin and Garcia a citizen of Mexico. ECF No. 9 at 2. "[D]istrict courts . . . have original jurisdiction of all civil actions where the matter . . . is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Garcia has attached an exhibit to the proposed amended complaint that appears to be a removal order from the Department of Homeland Security. The document demonstrates the Department of Homeland Security's belief that Garcia is "a native of Mexico and a citizen of Mexico." ECF No. 10 at 6. Accordingly, Garcia's allegations are sufficient to support his assertion that he is a citizen of Mexico and is in the United States without authorization.

That Garcia has lived in (and is incarcerated in) Wisconsin does not change the analysis. Section 1332(a)(2) provides that *lawfully admitted* citizens of a foreign state may not have diversity with other parties domiciled in the same state: "the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United

2

Case 2:21-cv-00055-JPS    Filed 07/06/21    Page 2 of 5    Document 13

States and are domiciled in the same State." 28 U.S.C. § 1332(a). By implication, therefore, those individuals *not* lawfully admitted retain their status as citizens of a foreign state: "[s]ince it is clear that Plaintiff is an illegal alien and a citizen of the Dominican Republic, he never became either a New York or South Carolina resident for diversity purposes. Instead, he retained his status as a citizen of a foreign state and, under applicable law, he may bring a lawsuit in this Court under diversity of citizenship . . ." *Collado v. Cancel,* No. CA 9:10-1870-MBS-RSC, 2010 WL 4038799, at *2 (D.S.C. Sept. 3, 2010), report and recommendation adopted, No. CA 9:10-1870-MBS, 2010 WL 4038736 (D.S.C. Oct. 14, 2010). *See also Napoles v. Johnson,* No. 12 C 10220, 2013 WL 1943304, at *2 (N.D. Ill. May 8, 2013) ("Aliens who have entered the United States illegally are not considered citizens of one of the fifty states; rather, they are still considered citizens of a foreign state.") Accordingly, Garcia remains a citizen of Mexico for diversity purposes, which means this court has subject matter jurisdiction.

### B. The Merits

The motion for reconsideration is accompanied by a proposed amended complaint; in essence, the motion asks the court to reopen the case and allow the plaintiff to file an amended complaint alleging legal malpractice against defendant Hart. Although motions to amend are to be freely granted, courts should deny them when they are clearly futile. "An amendment is futile if the amended complaint would not survive a motion for summary judgment." *King ex rel. King v. E. St. Louis Sch. Dist. 189,* 496 F.3d 812, 819 (7th Cir. 2007). Here, I conclude any amendment would be futile because Wisconsin law requires that a plaintiff alleging legal malpractice in a criminal case must show that he is actually innocent.

Because this action arises from a criminal defense matter, it is subject to Wisconsin's actual innocence rule. *See Skindzelewski v. Smith*, 944 N.W.2d 575, 579 (Wis. 2020). In other words: "When the legal malpractice arises from professional services rendered in a criminal case, the client must additionally prove that he was actually innocent of the criminal charge as a component of the causation element." *Id.* (citing *Hicks v. Nunnery*, 643 N.W.2d 809, 822 (Wis. Ct. App. 2002)). Here, the proposed amended complaint contains no allegation of innocence, which is enough to deem the amendment futile. *Winniczek v. Nagelberg,* 394 F.3d 505, 507 (7th Cir. 2005), as amended (Feb. 3, 2005) ("Winniczek does not claim to be innocent of the crimes for which he was convicted, and this dooms his claim for legal malpractice.") (applying Illinois law); *Shah v. Boyle, Boyle & Paulus, S.C.,* No. 07-C-540, 2008 WL 283159, at *4 (E.D. Wis. Jan. 31, 2008) (dismissing complaint at the screening stage because "plaintiff does not maintain that he is innocent of the crimes for which he was convicted, nor has his conviction ever been set aside or reversed.")

Even if the complaint had asserted Garcia's actual innocence, I would find such an assertion too speculative to allow the proposed amendment. In a federal habeas action filed in 2017, Judge Griesbach concluded that there was no question as to Garcia's guilt:

> The plain fact is that the evidence against Garcia was overwhelming. The evidence showed he had threatened to kill Hilda if she broke up with him and her new boyfriend. Two eyewitnesses identified him as the shooter, and the gun that fired the bullets recovered from Carlos' lung and the trunk of Luis' car was found under his back porch. Empty cartridges of rounds shot with the same gun were found in his basement. The data retrieved from the phone found in his car was consistent with Luis' claim that Garcia called him on his phone just before the shooting, and Garcia attempted to hide from the police when they arrived at his house within hours after the shooting occurred. Garcia was unable to corroborate any alibi, and his own mother recounted his acknowledgement that he had done "something bad" when he arrived home. In the face of this evidence, the story Garcia concocted made no sense, and his attorney's failure to object to the prejudicial evidence improperly admitted would not have changed the result. Postconviction counsel's failure to assert the same claims on appeal likewise had no impact on the result.

4

*Garcia v. Pollard,* No. 17-C-693, ECF No. 31 at 20-21 (Aug. 19, 2019).

Because Garcia's proposed amended complaint does not attempt to demonstrate actual innocence, and because any such claim would be purely speculative, any amended complaint alleging malpractice would be futile. The motion for reconsideration should therefore be denied.

## CONCLUSION

This action should be randomly reassigned to a district judge.

It is hereby recommended that the district judge dismiss the complaint because defendant Hart is not subject to suit under § 1983. It is further recommended that the district judge deny the motion to reconsider and enter judgment accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

**SO ORDERED** this 6th day of July, 2021.

*[signature]*

STEPHEN C. DRIES
United States Magistrate Judge

5

Case 2:21-cv-00055-JPS   Filed 07/06/21   Page 5 of 5   Document 13