# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CESAR O. GARCIA,

        Plaintiff,

v.

RICHARD H. HART,

        Defendant.

Case No. 21-CV-55-JPS

**ORDER**

On January 12, 2021, Plaintiff Cesar O. Garcia ("Plaintiff") filed a complaint under 42 U.S.C. § 1983 alleging that Defendant Richard H. Hart ("Defendant") violated his civil rights. (Docket #1). On March 12, 2021, Magistrate Judge Stephen C. Dries screened and dismissed Plaintiff's case. (Docket #7). However, upon closer inspection after Plaintiff filed a motion for reconsideration, (Docket #9), Magistrate Judge Dries discovered that the parties had not submitted to magistrate-judge jurisdiction. (Docket #12). Accordingly, Magistrate Judge Dries vacated his earlier judgment and issued a report and recommendation that this Court dismiss Plaintiff's case and deny his motion for reconsideration. (*Id.*; Docket #13). The Court will adopt Magistrate Judge Dries's report and recommendation, deny Plaintiff's motion for reconsideration, and dismiss this action with prejudice.

As fully set forth in Magistrate Judge Dries's dismissal order, (Docket #7), Defendant is a private attorney and not a state actor (or a person acting under color of state law) who is subject to suit under § 1983.

As to his "motion for reconsideration," Plaintiff actually seeks leave to amend his complaint to state a claim for legal malpractice against

Defendant. As fully set forth in Magistrate Judge Dries's report and recommendation, Plaintiff's proposed amended complaint would be futile because he has not alleged that he is actually innocent of his underlying conviction—a necessary element of a malpractice suit against one's criminal defense attorney in Wisconsin. *See, e.g.*, *Shah v. Boyle, Boyle & Paulus, S.C.*, No. 07-C-540, 2008 WL 283159, at *4 (E.D. Wis. Jan. 31, 2008) (dismissing complaint at the screening stage because "plaintiff [did] not maintain that he is innocent of the crimes for which he was convicted, nor [had] his conviction ever been set aside or reversed"). Further, in Plaintiff's 2017 federal habeas action, District Court Judge William C. Griesbach concluded that there was no question as to Garcia's guilt. *Garcia v. Pollard*, No. 17-C-693, 2019 WL 3937014, at *9 (E.D. Wis. Aug. 19, 2019).

Accordingly,

**IT IS ORDERED** that Magistrate Judge Stephen C. Dries's Report and Recommendation (Docket #13) be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration (Docket #9) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of November, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge